**WO**                                                                                          JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Guy Dayton, Jr., | No.    CV-24-00588-TUC-SHR |
| Plaintiff, | |
| v. | **ORDER** |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

      Plaintiff Robert Guy Dayton, Jr., who is not in custody, has filed a pro se civil rights Complaint (Doc. 1) and an Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 5).  The Court will dismiss the Complaint with leave to amend.

**I.**     **Application to Proceed In District Court Without Prepaying Fees or Costs**

      Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs indicates he lacks the funds to prepay the filing fee for this case.  The Court, in its discretion, will grant the Application to Proceed.  Plaintiff is not required to pay the filing fee for this case.

**II.**    **Statutory Screening of In Forma Pauperis Complaints**

      Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

**JDDL**

1  relief."

2      The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally

3  frivolous or malicious claims, failed to state a claim upon which relief may be granted, or

4  sought monetary relief from a defendant who is immune from such relief.  28 U.S.C.

5  § 1915A(b)(1)–(2).

6      A pleading must contain a "short and plain statement of the claim *showing* that the

7  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

8  not demand detailed factual allegations, "it demands more than an unadorned, the-

9  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

10 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

11 conclusory statements, do not suffice."  *Id.*

12     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

13 claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

14 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

15 that allows the court to draw the reasonable inference that the defendant is liable for the

16 misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

17 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

18 experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

19 allegations may be consistent with a constitutional claim, a court must assess whether there

20 are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

21     But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

22 must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

23 (9th Cir. 2010).  A "complaint [filed by a *pro se* litigant] 'must be held to less stringent

24 standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551

25 U.S. 89, 94 (2007) (per curiam)).

26     If the Court determines a pleading could be cured by the allegation of other facts, a

27 pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the

28 action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).  The Court

1  will dismiss Plaintiff's Complaint, but because it may possibly be amended to state a claim,

2  the Court will dismiss it with leave to amend.

3  **III.    Complaint**

4         In his Complaint, Plaintiff sues the Arizona Department of Corrections,

5  Rehabilitation and Reentry and Warden Staci Ibarra.   Plaintiff asserts a wrongful

6  conviction claim under 28 U.S.C. § 2513.  He seeks monetary relief.

7         Plaintiff alleges he was imprisoned without due process beginning on June 7, 2022.

8  He asserts his convictions were reversed in March 2024, and he was "sent back to county

9  jail" on April 9, 2024.  Plaintiff claims that after he negotiated bail, and although he had

10  no criminal convictions, he was sent back to prison.  He alleges that the prison "still had a

11  hold on him" until May 31, 2024, and he was able to bond out of county jail on June 3,

12  2024.   Plaintiff contends "this" deprived him of his Sixth, Eighth, and Fourteenth

13  Amendment rights.

14  **IV.    Lack of Jurisdiction**

15         Under 28 U.S.C. § 2513, any person suing under 28 U.S.C. § 1495 must allege and

16  prove:

17         (1) His conviction has been reversed or set aside on the ground
18         that he is not guilty of the offense of which he was convicted,
         or on new trial or rehearing he was found not guilty of such
19         offense, as appears from the record or certificate of the court
         setting aside or reversing such conviction, or that he has been
20         pardoned upon the stated ground of innocence and unjust
21         conviction and

22         (2) He did not commit any of the acts charged or his acts,
23         deeds, or omissions in connection with such charge constituted
         no offense against the United States, or any State, Territory or
24         the District of Columbia, and he did not by misconduct or
         neglect cause or bring about his own prosecution.
25

26

27  28 U.S.C. § 2513.  Section 1495 provides, "The United States Court of Federal Claims

28  shall have jurisdiction to render judgment upon any claim for damages by any person

1  unjustly convicted of an offense *against the United States* and imprisoned."  28 U.S.C.
2  § 1495.

3       Although Plaintiff does not state in which court he was convicted, given his
4  references to the Arizona Department of Corrections, Rehabilitation and Reentry and
5  "county jail," it appears Plaintiff may have been convicted of a state offense, not an offense
6  against the United States, i.e. a federal crime.  The Court therefore lacks jurisdiction over
7  the Complaint.  *See Nyabwa v. United States*, 130 Fed. Cl. 179, 184 (2017) ("Both 28
8  U.S.C. § 1495 and 28 U.S.C. § 2513 relate to criminal offenses against the United States,
9  and, this court does not have jurisdiction to hear a plaintiff's unjust conviction and
10  imprisonment claims arising from state crimes.").  Plaintiff does not identify any other
11  basis for this Court to exercise jurisdiction over the Complaint, so it will be dismissed.

12  **V.    Leave to Amend**

13       For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to
14  state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a
15  first amended complaint to cure the deficiencies outlined above.

16       Plaintiff must clearly designate on the face of the document it is the "First Amended
17  Complaint."  The first amended complaint must be retyped or rewritten in its entirety on
18  the court-approved form and may not incorporate any part of the original Complaint by
19  reference.  Plaintiff may include only one claim per count.

20       A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*,
21  963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d
22  1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint
23  as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the original
24  Complaint and voluntarily dismissed or dismissed without prejudice is waived if it is not
25  alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th
26  Cir. 2012) (en banc).

27       If Plaintiff files an amended complaint, he should be aware that 42 U.S.C. § 1983
28  "provides a cause of action for 'the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'" *Gomez v. Toledo*, 446 U.S. 635, 638 (1980). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)).

Plaintiff should note under the Eleventh Amendment to the Constitution of the United States a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).

## VI.   Warnings

### A.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 5) is **granted**.

(2)    The Complaint (Doc. 1) is **dismissed** for lack of jurisdiction. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance

1    with this Order.

2          (3)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

3    Court must, without further notice, enter a judgment of dismissal of this action without

4    prejudice and deny any pending unrelated motions as moot.

5          Dated this 25th day of March, 2025.

Honorable Scott H. Rash
United States District Judge